# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1054
LT Case No. 2021-CP-002709

_____

KIM LAW, as prior Successor Personal
Representative of the Estate of Geneva Jarvis,

    Appellant,

    v.

REUBEN WILLIAMS, IV, as
Personal Representative of the
Estate of Geneva E. Jarvis,

    Appellee.

_____

On appeal from the Circuit Court for Marion County.
Bradley E. King, Judge.

Lynn Buchanan, of the Buchanan Law Offices, PLLC,
Gainesville, for Appellant.

No Appearance for Appellee.

May 29, 2026

PER CURIAM.

Appellant, Kim Law, as prior successor personal representative of the Estate of Geneva Jarvis, appeals an order granting a petition to surcharge Law in the amount of $300,000. On appeal, Law argues that competent, substantial evidence does

not support the finding that the Estate suffered damages in that amount. We agree.

The Estate's primary asset is a parcel of real property. While serving as personal representative of the Estate, Law obtained an offer to purchase the property in the amount of $300,000. However, the sale was delayed, and the potential buyer eventually backed out.

Thereafter, an interested party petitioned the court to surcharge Law, alleging that she breached her fiduciary duty and caused the loss of the sale. After an evidentiary hearing, the trial court granted the petition in the full amount of the withdrawn offer of $300,000.

On appeal, Law argues that there was no evidence that the Estate was damaged in the amount of $300,000. "A personal representative's fiduciary duty is the same as the fiduciary duty of a trustee of an express trust, and a personal representative is liable to interested persons for damage or loss resulting from the breach of this duty." § 733.609(1), Fla. Stat. (2024). But a surcharge award must reflect the actual loss caused by the breach and may not place the estate "in a better position than [it] would have occupied without the breach of fiduciary duty." *Brush v. Coppelli*, 407 So. 3d 518, 519 (Fla. 5th DCA 2025); *see Kinchla v. Ran Invs., LLC*, 397 So. 3d 1064 (Fla. 6th DCA 2024).

In this case, the undisputed evidence established that the Estate still owns the property. Moreover, there is no evidence that the property lacks value, cannot be sold, or that the Estate otherwise realized a loss in the amount of $300,000. For these reasons, we reverse the order and remand for further proceedings.

REVERSED and REMANDED.


JAY, C.J., and WALLIS and EISNAUGLE, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____